Appeal from city court of New York, general term.

Action by Edward Rode and others against David Auerbach and others to recover on a building contract. From a judgment in favor of plaintiffs, defendants appeal. Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Leslie, Minor & Bliss, for appellants.

Hays, Greenbaum & Hirschfield, for respondents.

---

PEOPLE ex rel. MILLER v. ELMDORF, Mayor.

(Supreme Court, Appellate Division, Third Department. May 15, 1900.)

POLICEMAN—REMOVAL—REINSTATEMENT.

> Where, on certiorari to review proceedings before a mayor to remove a policeman, it appeared that the mayor formulated the charges, was the real accuser, had taken an interest in procuring witnesses for the prosecution, had announced in advance his determination to be rid of the officer, had already suspended him, and held the pretended trial merely in order to make a formal record of a predetermined judgment, the policeman will be reinstated, though a careful weighing of the record evidence might show a preponderance in favor of his guilt, and though there was no other court in which he could be tried.
>
> Parker, P. J., and Merwin, J., dissenting.

Certiorari by the people, on the relation of Hiram B. Miller, against William C. Elmdorf, as mayor of the city of Ithaca, to review the removal of the relator from the office of policeman. Relator reinstated.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

F. E. Tibbetts, for relator.

Edward J. Mone, for respondent.

KELLOGG, J. It is usual and proper for a court, in reviewing proceedings such as these, to allow to the acting tribunal a very wide range for the exercise of judgment and discretion; and this practice appears to be built upon the theory that the legislature created an impartial local tribunal in which charges of malfeasance or misfeasance or incompetency may be heard and investigated with entire safety to the parties interested, and the decision of such a tribunal is rightfully entitled to the greatest consideration. If the local tribunal, however, has not the appearance of impartiality,—if it appears to have

been influenced by personal hatred towards the accused, or to have taken the attitude of accuser or prosecutor towards the officer on trial, or to have prejudiced the case,—the decision, if adverse to the officer, ought to have little or no weight in any court of justice. The relator here is charged with having forfeited a right secured to him as an honorably discharged veteran soldier, through being guilty of acts which, if true, also seriously affect his reputation as a citizen. The forfeiture can be declared only after a trial,—a trial conducted in fairness; such a trial as is guarantied to persons accused of grave offenses. It must not be a matter of form only,—a means taken simply to make a record; to register a decision and judgment made by the local tribunal long before the trial was had. The accused is entitled to the unbiased judgment and decision of a tribunal upon the testimony presented. The trial of the relator was before the mayor alone. The mayor formulated the charges, and I think the record warrants the conclusion that the mayor was the real accuser, and himself made the charges and stood back of them. No other name appears,—no other person behind the accusations. The mayor appears to have taken an interest in procuring witnesses to support the charges, and it appears that he had previously removed the relator from his office, and, before this trial had begun, had made the open declaration, "But Miller will go back to police duty in this city when there is no remedy left by law to stop it." It also appears that some two weeks before the trial the mayor had declared to others "that he would get rid of Officer Miller." A careful examination of all the facts and proofs contained in the record leaves the impression too firmly fixed that the mayor had decided the case before the trial; that the trial was only a form by which his decision might be made a record, and effectual for a lawful removal. We might here pass upon the testimony, perhaps, and might reach the same conclusion reached by the mayor. But the evidence is conflicting. The evidence produced in support of the charges comes, for the most part, from witnesses of doubtful character. I do not think we can properly weigh such testimony, without seeing and hearing the witnesses. On the record evidence, the relator might have been, on a judicious weighing of the testimony, found not guilty. The decision of the mayor, for the reasons stated, carries no weight. It is not the decision of an impartial or fair tribunal. The relator has not had his day in court, nor any trial worthy of the name. It may be that there is no other court in which the relator can be tried, but that fact does not create such a grave necessity as to warrant a condemnation without a trial.

I think the decision of the mayor should be set aside, and that the relator should be reinstated in the office from which he was removed, with $10 costs, besides disbursements, against the defendant.

PARKER, P. J., and MERWIN, J., dissent. SMITH, J., concurs in result.

HERRICK, J. I concur upon the ground that the mayor cannot be the accuser, prosecutor, and court, all in one. No man can be the judge in his own case.